NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVELYN XIOMARA ECHEVERRIA-AGUILAR,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  18-73186<br><br>Agency No. A205-207-730<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:  FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Evelyn Xiomara Echeverria-Aguilar, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum and withholding of removal.  Our jurisdiction is governed

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Echeverria-Aguilar's testimony, asylum applications, and declarations as to the basis of her claim for relief and the number of her siblings, as well as on the omission in her asylum applications and declarations as to her father's death. *See id*. at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (omissions that tell a "much different – and more compelling – story of persecution than [the] initial application" can properly form the basis for an adverse credibility finding (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011))). Echeverria-Aguilar's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Echeverria-Aguilar does not challenge the agency's finding that she failed to provide corroborative evidence. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's

18-73186

opening brief are waived).  Thus, in the absence of credible testimony, in this case, Echeverria-Aguilar's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to consider Echeverria-Aguilar's contentions as to the IJ's denial of her Convention Against Torture claim because she failed to raise that claim to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We also lack jurisdiction to consider Echeverria-Aguilar's contention that the IJ violated her due process rights, and her contentions regarding her eligibility for voluntary departure in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because she did not raise these arguments to the BIA.  *See id*.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**